(No. 5546. February 28, 1930.)

BIG WOOD CANAL COMPANY, a Corporation, Plaintiff, v. ED. L. BRYAN, District Judge, Defendant.

[285 Pac. 675.]

Bissell & Bird, for Plaintiff.

Hawley & Hawley, A. F. James, Adam B. Barclay and W. A. Brodhead, for Defendant.

GIVENS, C. J.—A writ of mandate is sought to compel the defendant to enter a decree in accordance with the views expressed in the opinion of this court in the case of

*Arkoosh v. Big Wood Canal Co., ante,* p. 383, 283 Pac. 522.

Attorneys for the Big Wood Canal Company, defendant in that action, plaintiff in this, submitted to the trial judge for his signature a decree embodying their conception of our opinion. The defendant refused to sign the decree as presented and has entered a decree embodying his own interpretation of our views.

Petitioner's chief criticism of the decree as entered is directed at paragraph 3, which is as follows:

"That the defendant company is adjudged and decreed responsible for all losses in the flow of said river in excess of 54 cubic feet in the first section and 6.6 cubic feet per second in the second section, and the defendant, the Big Wood Canal Company, is hereby perpetually enjoined from storing water in Magic Reservoir unless said defendant causes to be made available to the plaintiffs at their respective headgates during plaintiff's irrigation season their amounts of water, as decreed, in the full natural flow of said river which natural flow shall be subject only to the said normal loss of 54 cubic feet per second of time in the first section and 6.6 cubic feet per second of time in the second section of said river, and in the administration of the waters of said stream said natural flow may not be diminished or lessened in any manner or to any extent beyond said normal loss."

This provision is substantially an excerpt from the opinion and therefore correct, with the following exception. While the opinion held the company responsible for losses caused by it, and that it might only continue to exercise its storage rights in such a manner as not to interfere with the previously decreed rights of the prior appropriators, its storage rights may be exercised when thereby there is no interference. There should be added after paragraph 3 the following:

"Provided, if during any irrigation season the natural flow of the river, under stream bed conditions throughout the entire course of the river below the reservoir, existent

before the construction and operation of petitioner's reservoir and irrigation system, be insufficient to reach the headgates of the prior appropriators, then the defendant company may store all such flow.''

The other objection to the decree as entered concerns the dismissal of the cross-complaint of the Canal Company. The cross-complaint was ordered dismissed in the original decree from which the appeal was taken to this court. By our decision this ruling was not reversed. It therefore stands. It was not error to re-incorporate the dismissal in the new decree.

The decree should be modified to conform with this opinion. No costs awarded against defendant.

Varian and McNaughton, JJ., concur.

Lee, J., and Baker, D. J., dissent.